UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLOCKSIN,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | No. 2:12-cv-2054 CKD<br><br><br>ORDER |

This matter was remanded pursuant to Sentence 6 of 42 U.S.C. § 405(g). The parties have now stipulated to reopen the action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall file the administrative record and an answer or other response to the complaint within 30 days from the date of this order.

2. Plaintiff may prosecute this action in either of the following two ways:

   a. Plaintiff shall file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record; or

   b. If plaintiff has new evidence outside the evidentiary record, plaintiff may submit the new evidence with a request for voluntary remand to:

/////

1

>Office of the General Counsel--Region IX
>Social Security Administration
>333 Market Street, Suite 1500
>San Francisco, California 94105

A copy of the request for voluntary remand must be served on the defendant.  Within 30 days from the date of service of such evidence, or 30 days after the filing of the answer, whichever is later, defendant shall notify the plaintiff whether or not the case will be voluntarily remanded. Within 45 days from notification that remand is declined, plaintiff shall file a motion for summary judgment and/or remand in this court.

    3.  Defendant's opposition to a motion for summary judgment and/or remand, if any, shall be filed within 30 days from service of plaintiff's motion.

    4.  Plaintiff's reply brief, if any, shall be filed within 21 days from service of defendant's opposition.

    5.  Briefs in support of a motion for summary judgment should contain the following:

>(1)  a plain description of plaintiff's alleged physical or emotional impairments, the date on which plaintiff contends the impairments became disabling, and how the impairments disable plaintiff from work;
>
>(2)  a summary of the administrative proceedings before the Secretary of Health and Human Services;
>
>(3)  a summary of relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;
>
>(4)  a summary of the relevant testimony at the administrative hearing;
>
>(5)  a recitation of the Secretary's findings and conclusions relevant to plaintiff's claims;
>
>(6)  a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and

    (7)  argument separately addressing each claimed error.

  The defendant must submit an opposition or cross-motion which is similarly organized. Failure to organize the brief in this manner may lead to imposition of sanctions, including striking of the motion or opposition, or striking of the complaint or answer.

  6.  The court will not contact counsel or the parties to remind them of these scheduling deadlines.  Failure to adhere to the schedule outlined above may result in sanctions, including dismissal.  Local Rule 110.  Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a dismissal for lack of prosecution.  Fed. R. Civ. P. 41(b).

  7.  Motions for approval of attorneys' fees pursuant to 42 U.S.C. § 406 shall be filed within thirty days after entry of final judgment, shall be served on the client, and shall include the following:

    (1)  counsel's statement whether or not an application for EAJA fees has been filed;

    (2)  the date counsel was retained by plaintiff;

    (3)  the amount withheld by the Administration from plaintiff's award for the payment of fees;

    (4)  the amount of fees authorized by the administration (unless the award was made by the court);

    (5)  a contemporaneous log of hours claimed; and

    (6)  justification for the hourly rate requested.

  The motion shall attach a copy of the retainer agreement, any notice received from the administration of the amount withheld for fees, and proof of service on the defendant and the client.

Dated: May 6, 2015

            _/s/ Carolyn K. Delaney_____
            CAROLYN K. DELANEY
            UNITED STATES MAGISTRATE JUDGE

4 clocksin.ss.reopen.sch