UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLOCKSIN, | No. 2:12-cv-2054 CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born September 6, 1978, applied on July 13, 2009 for SSI, alleging disability beginning November 1, 1998. Administrative Transcript ("AT") 280. Plaintiff alleged he was unable to work due to drug history, brain tumor, internal tumor, COPD, chronic bronchitis, asthma, degenerative disc disease, scoliosis, schizodefective[sic] disorder, internal detachment in left knee, and chronic pain. AT 284. In a decision dated May 13, 2014, the ALJ determined that

plaintiff was not disabled.[1]  AT 4-16.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since July 13, 2009, the application date.
>
> 2.  The claimant has the following severe impairments: polysubstance dependence, history of attention deficit hyperactivity disorder, chronic obstructive pulmonary disease, asthma, back pain, and knee pain.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

      4. After careful consideration of the entire record, the undersigned finds that during the period at issue, the claimant has the residual functional capacity to perform light work as defined in [the regulations] except the claimant can stand and walk about 4 hours and sit up to six hours, in an 8-hour workday. The claimant can no more than occasionally use foot controls with the left foot. The claimant can occasionally climb ramps and stairs, stoop, crouch, kneel, and crawl. The claimant cannot work at unprotected heights or around hazardous machinery, or around concentrated exposure to noxious fumes and odors. The claimant is limited to simple, entry-level work, with only casual interaction with the public, and no team activities.

      5. The claimant has no past relevant work.

      6. The claimant was born on September 6, 1978 and was 30 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

      7. The claimant has a limited education and is able to communicate in English.

      8. Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

      9. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed.

      10. The claimant has not been under a disability, as defined in the Social Security Act, from July 13, 2009, the date the application was filed, through November 30, 2019.

AT 6-16.

ISSUE PRESENTED

Plaintiff argues that the ALJ erred in relying on the testimony of a vocational expert in finding plaintiff was not disabled.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff contends the ALJ committed error in relying on the testimony of the vocational expert.  Plaintiff asserts that because the two jobs identified by the vocational expert require a light exertional level, the jobs are inconsistent with the residual functional capacity assessed by the ALJ which limited plaintiff to four hours of standing and walking.  Plaintiff's contention is meritless.

Plaintiff challenges the vocational expert's testimony as conflicting with the Dictionary of Occupational Titles. The United States Department of Labor, Employment & Training Administration's Dictionary of Occupational Titles ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner.  20 C.F.R. § 404.1566(d)(1); see Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995) (reliance on the DOT acts as a presumption

4

that may be rebutted by the testimony of a vocational expert); see also Social Security Ruling 00-4p (providing that when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy).

The vocational expert testified, after being posed a hypothetical that included the four hour standing/walking limitation, that plaintiff could perform the jobs of assembler of small parts (electronics) and produce sorter. AT 78-79. The ALJ specifically inquired into whether there was a conflict between the vocational expert's testimony and the DOT, to which the expert replied in the negative. AT 80. There is no indication in either of the job descriptions identified by the expert that standing and walking for more than four hours is required. Moreover the definition of "light" work provided in the job descriptions includes "sitting most of the time but entails pushing and/or pulling of arm or leg controls." See DOT 739.687-030 (Assembler, Small Products II); 529.687.186 (Sorter, Agricultural Produce). The vocational expert specifically testified that these two positions could be performed within the four hour standing limitation. AT 80. On this record, the reliance by the ALJ on the vocational expert's testimony was proper.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 22) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 25) is granted; and

3. Judgment is entered for the Commissioner.

Dated: March 3, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 clocksin2054.ss